**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-2113**

───────────────

JANET BEASLEY; GORDON BEASLEY,

        Plaintiffs - Appellants,

    v.

RED ROCK FINANCIAL SERVICES, LLC,

        Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:12-cv-01312-AJT-TRJ; 1:13-cv-00206-AJT-TRJ)

───────────────

Submitted: July 18, 2014      Decided: September 9, 2014

───────────────

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Ernest P. Francis, ERNEST P. FRANCIS, LTD., Arlington, Virginia, for Appellants. Virginia M. Sadler, JORDAN COYNE LLP, Fairfax, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this case under the Fair Debt Collections Practices Act (the FDCPA), 15 U.S.C. §§ 1692-1692p, the plaintiffs-appellants raise numerous allegations of error that they contend should be resolved in their favor. Having carefully reviewed the briefs, the record, and the relevant law, we conclude that each is without merit. Accordingly, we affirm.

I.

At all times relevant to this case, husband and wife, Gordon and Janet Beasley (the Beasleys), owned a home in the Princeton Woods Addition neighborhood, located in Dumfries, Virginia. The home is subject to a declaration of covenants, conditions, and restrictions administered by the Princeton Woods Addition Homeowners Association, Inc. (the HOA). In October 2008, the HOA, through its collection agent Reese Broome, PC, notified the Beasleys by letter that they owed the HOA a total of $685.00 in unpaid assessments, late fees, and legal fees. Additionally, the letter stated that unless the Beasleys disputed the debt or made payment in full within thirty days after receipt of the letter, the HOA would accelerate the Beasleys' account through the end of the year and record a lien on their home. The Beasleys periodically continued to receive similar letters from Reese Broome, PC, on behalf of the HOA,

2

with the last letter from Reese Broome, PC, dated March 17, 2011.

The Beasleys claim they brought their HOA account current in 2008 and dispute any and all alleged delinquencies in their HOA account after that time. In 2009, the HOA revoked the Beasleys' HOA privileges, such as use of the neighborhood pool, for failure to keep their HOA account current.

In January 2012, the HOA switched collection agents from Reese Broome, PC, to Red Rock Financial Services, LLC (Red Rock). Red Rock's first letter to the Beasleys on behalf of the HOA is dated January 23, 2012, stating the Beasleys' current HOA account balance as $1,373.36. The letter also stated that if the Beasleys chose not to pay their account in full within thirty days from the date of the letter, "the [HOA] will refer the matter to counsel for appropriate legal action, including filing a Memorandum of Assessment Lien on behalf of [the HOA] in the Prince William Circuit Clerk's Office without further notice." (J.A. 445). In a letter dated March 12, 2012, from Red Rock to the Beasleys' attorney, Red Rock reported the Beasleys' HOA account balance as $1,458.90.

On May, 25, 2012, the HOA filed a "<u>Memorandum of Assessment Lien</u>" in Prince William County, Virginia on the Beasleys' Princeton Woods home, asserting the Beasleys owed the HOA a total of $1,902.82, consisting of $307.36 in unpaid assessments,

3

$23.46 in late fees and interest, and $1,572.00 in "Collection and Attorney Fees and Costs." (J.A. 459). Of relevance in the present appeal, in a letter dated May 30, 2012, Red Rock informed Janet Beasley that "Red Rock Financial Services may proceed with foreclosure no sooner than the 61st day from the mailing of the Memorandum of Assessment Lien if [the] debt is not satisfied." (J.A. 450). Red Rock contemporaneously sent a separate, but identical letter to Gordon Beasley.

The Beasleys subsequently brought the present action solely against Red Rock, alleging Red Rock's collection efforts on behalf of the HOA violated numerous provisions of the FDCPA.[1] The Beasleys sought a total of $98,000.00 in damages, plus reasonable attorney's fees, prejudgment interest, and costs. Following discovery, Red Rock stipulated to violating the FDCPA in an unspecified manner and to the Beasleys' entitlement to $1,000.00 each in statutory damages. Shortly thereafter, the case went to trial, with the district court granting judgment as a matter of law in favor of Red Rock at the close of all evidence on ten out of the eleven counts alleged. According to the district court, the Beasleys had either failed to produce

---

[1] The Beasleys actually filed separate, but identical complaints, which were consolidated for discovery and trial purposes. For ease of understanding, we treat them as being in one action in this opinion.

sufficient evidence of any FDCPA violation in counts I through X or had failed to produce sufficient evidence that they had suffered any actual damages as a result of any violations claimed in those counts.

In the lone remaining count, the Beasleys alleged that each of them was entitled to recover for actual damages which each of them had sustained as a result of Red Rock violating 15 U.S.C. § 1692e(5), which statutory section provides:

> [a] debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5). The district court instructed the jury as follows with respect to the Beasleys' legal theory regarding this claim:

> The Plaintiffs claim that Defendant violated this section of the Act when it stated in its letter dated May 30, 2012, . . . that "Red Rock Financial may proceed with foreclosure no sooner than the 61st day from the mailing of the Memorandum of Assessment Lien if debt is not satisfied." The basis for this claim is that the Memorandum of Lien did not comply with all the legal requirements necessary to perfect and enforce a lien and for that reason there was not filed a valid lien. The defendant denies that it violated this particular section of the Act.
>
> In order to recover on his or her claim, each plaintiff must prove the following:

5

> (1) that the defendant violated this section of the Act;
>
> (2) that he or she sustained actual damages as a result of defendant's violation of this section of the Act; and
>
> (3) the amount of damage he or she sustained as a result of defendant's violation of the Act.

(J.A. 569-70).  Additionally, the district court instructed the jury that none of the following conduct, by itself, violated the FDCPA:  (1) the fact that Red Rock sent the Beasleys the collections letters dated January 23, 2012, and March 12, 2012; (2) the fact that Red Rock attempted to collect a disputed debt; and (3) the filing itself of the Memorandum of Lien. Accordingly, the district court instructed the jury that the Beasleys are not entitled to recover damages based on any emotional distress or other injuries caused by such conduct.

In a verdict form containing special interrogatories, the jury found that the Beasleys had not sustained any actual damages as a result of Red Rock's violation of the FDCPA over and above the statutory damages to which Red Rock had already stipulated.  The district court entered judgment in favor of the Beasleys in the amount of $1,000.00 each in statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and otherwise in favor of Red Rock as to all eleven counts.  The Beasleys subsequently filed a motion, pursuant to 15 U.S.C. § 1692k(a)(3), requesting a total of $52,120.00 in attorney's fees and $220.00 in costs.

6

After considering the motion, the district court awarded the Beasleys a total of $5,000.00 in attorney's fees and $252.00 as taxable costs, representing the fees of the Clerk of Court. This timely appeal followed in which the Beasleys allege numerous errors by the district court below. We have reviewed them all and find all to be without merit. Several are worthy of our expressly addressing.

## II.

The Beasleys first contend the district court erred by granting Red Rock's motion for judgment as a matter of law with respect to Counts III, IV, V, and VII, all of which allege Red Rock violated 15 U.S.C. § 1692e(2) by making false statements as to the amount of debt the Beasleys owed the HOA. Count III pertained to the January 23, 2012 letter, Count IV pertained to the March 12, 2012 letter, Count V pertained to the May 30, 2012 letter, and Count VII pertained to the May 25, 2012 Memorandum of Lien.

We review the district court's grant of Red Rock's motion for judgment as a matter of law de novo. Anderson v. Russell, 247 F.3d 125, 125 (4th Cir. 2001). Judgment as a matter of law is appropriate on a claim "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary

7

basis to find for the party on that issue[.]" Fed. R. Civ. P. 50(a)(1). Having reviewed the record, the relevant law, and the parties' briefs, we hold the district court did not err in granting Red Rock's motion for judgment as a matter of law with respect to Counts III, IV, V, and VII. The crux of the matter is that the Beasleys failed to present sufficient evidence, viewed in the light most favorable to them, to remove the existence of damages proximately caused by the alleged violations at issue beyond the realm of impermissible speculation and conjecture. Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005) ("[I]f the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture, judgment as a matter of law must be entered."). The evidence presented at trial established that, since October 2008, the Beasleys had suffered extreme emotional distress because of (1) the HOA's repeated claims that their HOA account was delinquent; (2) the steady efforts by Reese Broome, PC to collect on such alleged delinquencies; and (3) the filing of the Memorandum of Lien on their home. The Beasleys offered insufficient evidence for the jury to find what, if any, additional emotional distress the Beasleys suffered as proximately caused by Red Rock's violations of the FDCPA as alleged in Counts III, IV, V, and VII, i.e., by allegedly making

8

false statements as to the amount of debt the Beasleys owed the HOA.

III.

Next, the Beasleys contend that Red Rock's stipulation that it violated the FDCPA precluded Red Rock from disputing all allegations in the complaint pertaining to liability, and therefore, the district court erred in admitting, over its objections at trial, evidence regarding their allegedly delinquent HOA account. Such evidence consisted of the testimony of Cynthia Weiss, the person in charge of the Beasleys' HOA account at the management company the HOA employed to maintain its books, and such management company's "resident transaction report," (J.A. 352), pertaining to the Beasleys.

We review the "trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational. To that end, we look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks and citation omitted).

Here, the district court did not act arbitrarily or irrationally in admitting the challenged evidence. Regardless of Red Rock's stipulation to violating the FDCPA in an

9

unspecified manner, the challenged evidence was probative on the issue of damages. Specifically, the challenged evidence was probative to dispute testimony by the Beasleys to the effect that they were shocked and in disbelief that Red Rock would send them letters seeking to collect on the debt the HOA claimed the Beasleys owed.

The Beasleys also specifically challenge on hearsay grounds the district court's admission of their "resident transaction report," (J.A. 352), listing all the assessments, late fees, and payments associated with the Beasleys' HOA account. Below, the Beasleys specifically objected to admission of this document, identified as Defendant's Exhibit 1, as inadmissible hearsay. Fed. R. Evid. 802. We review the district court's admission of this report for abuse of discretion. Cole, 631 F.3d at 153.

The district court did not abuse its discretion in admitting the challenged resident transaction report because such document was admissible for the purpose of proving the HOA had a long running dispute with the Beasleys over their HOA account, which is not for the purpose of proving the truth of the matter asserted, e.g., not for the purpose of proving the Beasleys owed the HOA the amounts listed as delinquent in the resident transaction report. Because the report was admissible for a purpose other than the truth of the matter asserted, it falls outside the definition of hearsay set forth in Federal

10

Rule of Evidence 801(c). The fact that the Beasleys had a long running dispute with the HOA over varying amounts the HOA claimed the Beasleys owed on their HOA account (since 2008) undercut the magnitude of the emotional distress the Beasleys claimed they suffered as proximately caused by Red Rock's statement in its letter dated May 30, 2012, that it "may proceed with foreclosure no sooner than the 61st day from the mailing of the Memorandum of Assessment Lien if [the] debt is not satisfied." (J.A. 450).

IV.

The Beasleys also challenge as inadequate the district court's $5,000.00 award of attorney's fees in their favor. Their challenge is without merit.

"[I]n the case of any successful action to enforce the [FDCPA]," the FDCPA authorizes district courts to award "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Under the applicable abuse of discretion standard, we have the duty to affirm the district court's $5,000.00 attorney's fees award if such award "falls within the district court's broad discretion." Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th Cir. 1995) (internal quotation marks omitted). Here, the district court undertook a thorough analysis of the record and applicable law in calculating a

11

reasonable attorney's fees award in the present case, setting forth such analysis in a lengthy written order. To summarize, the district court awarded the Beasleys far less in attorney's fees than they had sought because "[t]heir recovery was limited to the amount of statutory damages that [Red Rock] had offered shortly after suit was filed, and no reasonable assessment of the case justified the expense to pursue actual damages." (J.A. 727). Given that the degree of success obtained is the most critical factor in determining the reasonableness of an attorney's fees award, Carroll, 53 F.3d at 630, the Beasleys have offered no persuasive argument on appeal which convinces us that the district court abused its discretion in limiting the Beasleys' attorney's fees award to $5,000.00.

V.

For the reasons stated, we affirm the judgment below entered upon the jury's verdict and affirm the judgment below awarding the Beasleys $5,000.00 in attorney's fees and costs of 252.00.[2]

---

[2] We have also reviewed and find to be without merit the Beasleys' remaining assignments of reversible error pertaining to the district court's jury instructions regarding Red Rock's right to foreclose on the lien at issue and the bonafide error defense as well as the district court's refusal to instruct the jury that it could award prejudgment interest on all of the Beasleys' damages.

12

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED